PRICE, Judge.
Plaintiff, judgment creditor of James R. Cunningham, filed a petition for garnishment under a writ of fieri facias citing the Cunningham Family Trust No. 2 as garnishee and alleging the trust was indebted to Cunningham for compensation as trustee under the terms of the trust instrument. Cunningham, as trustee, answered the interrogatories propounded by plaintiff denying that any indebtedness was owed him by the trust. Plaintiff filed a rule to traverse the answers and after trial the district court recalled the rule and denied plaintiff’s demands against the trust. Plaintiff appeals and we affirm.
Cunningham created the Cunningham Family Trust No. 2 in 1976 for the benefit of his children and conveyed certain property to it. The trust instrument named Cunningham as the sole trustee and provided the following regarding his compensation:
The original TRUSTEE hereunder, and all successors trustees, shall be entitled to reasonable compensation for their services as trustees. For purposes of this instrument and its interpretation and application, “reasonable compensation” shall be an aggregate amount equal to ten per cent (10%) of total sums distributed to income beneficiaries pursuant to III (j) above, in the aggregate, on an annual basis plus ten per cent (10%) of profits accruing to TRUST ESTATE, but in no event to be less than one thousand dollars ($1,000.00) per month, per trustee.
The instrument also provided that the trustee is authorized:
. (d) To pay or reserve sufficient funds to pay all expenses of management and administration of the TRUST ESTATE, including reasonable compensation of the TRUSTEE, all or any part of which may, in the TRUSTEE’S discretion be charged either to income or corpus of the TRUST ESTATE.
The evidence indicates the trust has had only a few hundred dollars income since its creation and no distributions have ever been made to any of the beneficiaries. No compensation has ever been paid to or claimed by the trustee and the services he performed in administering the trust were minimal, consisting primarily of depositing the small amounts of income into the trust account and having the proper tax returns prepared and filed.
Plaintiff appeals contending the trial court erred in failing to find the trust indebted to Cunningham. It contends the trust provision is clear and Cunningham is entitled to a minimum fee of $1,000 a month for his services as trustee despite the fact that the trust has made neither profits nor distributions.
The trust contends that under the terms of the compensation provision, the trustee’s fee is to be paid only out of profits and since there have been no profits, no fee is owed. In connection with this contention, it argues that to allow the trustee to collect a fee under the circumstances, where the trust has had almost no income and the services rendered were minimal, would be contrary to the purpose of the trust and a violation of the trustee’s duty to administer the trust solely for the benefit of the beneficiaries. Alternatively, it contends that even if compensation is due under the terms of the trust instrument, the trustee has impliedly waived compensation.
We agree that any compensation due Cunningham under the terms of the trust instrument has been waived. La.R.S. 9:2181 provides that a trustee may waive compensation. Cunningham has been aware of the financial condition of the trust from its inception and has continually rendered a few services necessary for its administration without any claim for compensation. His dealing with the trust in this manner had become well established long before the debt plaintiff seeks to enforce was ever incurred. Under these circumstances we find that his continuing to act as trustee without any attempt to assert his rights under the terms of the trust instrument constituted an implied waiver of those rights and consequently the trial court correctly concluded that no compensation was due.
The judgment is affirmed at appellant’s cost.